IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME VINCENT JOHNSON, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-5482 |
| | : | |
| PHILADELPHIA COUNTY, | : | |
| CITY OF PHILADELPHIA, | : | |
| PHILADELPHIA COUNTY PRISON | : | |
| and PROBATION & PAROLE, | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                  May 17, 2010

Jerome Vincent Johnson filed this *pro se* action presumably pursuant to 42 U.S.C. § 1983 against "Philadelphia County, City of Philadelphia, Philadelphia County Prison, and Probation and Parole." The amended complaint alleges "civil rights violations" and includes illegal confinement and malicious prosecution. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B), for plaintiffs proceeding *pro se*, and which requires the court to identify cognizable claims and to dismiss *sua sponte* any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and

the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a *pro se* complaint, the court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Id. The district court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). A *pro se* plaintiff's "bald assertions" or "legal conclusions," however, need not be credited. Id.

Recently, the Supreme Court of the United States revised the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). Citing its opinion in Twombly for the proposition that a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a

> complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950. Thus, to prevent summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id.

The amended complaint is woefully deficient. Its bald assertion of civil rights violations, unaccompanied by any factual matter, fails to conform even slightly to our liberal notice pleading standard. There is no statement of what might have occurred to allow the court to infer any possibility of misconduct, or to show that the plaintiff is entitled to relief. It would be impossible for the defendants to frame an answer.

Under these circumstances, a court may grant the plaintiff leave to provide a more definite statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (a court should not dismiss a complaint with prejudice for failure to state a

claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility). Accordingly, in an abundance of caution, rather than dismiss the amended complaint for failure to state a claim, I will allow the plaintiff leave to provide a more definite statement within thirty (30) days such that the defendants might prepare a defense to the allegations therein. This pleading should include a clear and factual statement of what occurred to prompt this cause of action, when it occurred, and the identify of those who participated in the alleged violations.

      An appropriate Order follows.